JS 44  (Rev. 06/17)

**CIVIL COVER SHEET**

18-cv-77

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas C. Geale, Oscar Hampton III, Andrea Luby,
Office of the Regional Solicitor, 170 S. Independence Mall W, Suite 630E
Philadelphia, PA 19106, 215-861-5128

**DEFENDANTS**
El Guerrero, Inc., d/b/a Cancun Mexican Rest.; Los Hidalguenses, Inc., d/b/a La Hacienda Restaurant; Rey Azteca of Warminster, Inc., d/b/a Rey Azteca Rest.;Ramiro Palacios, and Ramiro Palacios-Olguin

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Joshua S. Ganz
DUFFY NORTH
104 N. York Road, Hatboro, PA 19040, 215-675-7300

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1   U.S. Government
  Plaintiff
- [ ] 2   U.S. Government
  Defendant
- [ ] 3   Federal Question
  *(U.S. Government Not a Party)*
- [ ] 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                                        Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | [X] 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fiar Labor Standards Act, 29 U.S.C. Section 201, et seq.
Brief description of cause:
Failure to pay minimum wage to restaurant workers; recordkeeping.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
681,117.54

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   [X] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

JAN -8 2018

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/04/2018 | /s Andrea Luby |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

**18   77**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 170 S. Independence Mall West , Philadelphia PA 19106

Address of Defendant: 110 Lincoln Hwy, Fairless Hills; 4201 Neshaminy Blvd,Bensalem; and 255 New Castle Road, Butler

Place of Accident, Incident or Transaction: _____Fairless Hills, Bensalem, and Butler, PA_____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                                        Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                                       Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) _Fair Labor Standards Act_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, __Adam Welsh__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _1/4/18_          for Adam Welsh                          __AW1272; PA ID 84988__
                         Attorney-at-Law                              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**JAN -9 2018**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/4/18          for Adam Welsh                          __AW 1272; PA ID 84988__
                       Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| R. Alexander Acosta, Secretary of Labor<br>United States Department of Labor<br><br>v.<br><br>El Guerrero, Inc., d/b/a/ Cancun Mexican Restaurant, et al. | CIVIL ACTION<br><br><br>NO. **18    77** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 1/4/18 | Adam Welsh | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-861-5159 | 215-861-5162 | welsh.adam@dol.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN -9 2018

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | **18    77** |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| EL GUERRERO, INC., d/b/a/ Cancun Mexican Restaurant,<br>LOS HIDALGUENSES, INC., d/b/a La Hacienda Restaurant,<br>REY AZTECA OF WARMINSTER, INC., d/b/a Rey Azteca<br>Restaurant, RAMIRO PALACIOS and<br>RAMIRO PALACIOS-OLGUIN, individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin EL GUERRERO, INC., d/b/a/ Cancun Mexican Restaurant; LOS HIDALGUENSES, INC., d/b/a La Hacienda Restaurant; REY AZTECA OF WARMINSTER, INC., d/b/a Rey Azteca, corporations; RAMIRO PALACIOS, individually; RAMIRO PALACIOS-OLGUIN owners and managers of the aforementioned corporations (collectively, "Defendants"), from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

      1.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.      Defendant EL GUERRERO, INC., d/b/a Cancun Mexican Restaurant, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 110 Lincoln Highway in Fairless Hills, Pennsylvania. Defendant is engaged in a full-service restaurant business at the same address ("Cancun Mexican Restaurant"), within the jurisdiction of this court.

3.      Defendant LOS HIDALGUENSES, INC., d/b/a La Hacienda Restaurant, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 4201 Neshaminy Boulevard in Bensalem, Pennsylvania. Defendant is engaged in a full-service restaurant business at the same address ("La Hacienda Restaurant"), within the jurisdiction of this court.

4.      Defendant REY AZTECA OF WARMINSTER, INC., d/b/a Rey Azteca Restaurant, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 255 New Castle Road in Butler, Pennsylvania. Defendant is engaged in a full-service restaurant business at 80 York Road in Warminster, Pennsylvania, within the jurisdiction of this Court.

5.      Defendants RAMIRO PALACIO and RAMIRO PALACIO-OLGUIN are partial owners of Defendants El Guerrero, Inc., Loss Hidalguenses, Inc., and Rey Azteca of Warminster, Inc. These Defendants have directed employment practices and has directly or indirectly acted in the interest of Defendants El Guerrero, Inc., Loss Hidalguenses, Inc., and Rey Azteca of Warminster, Inc. in relation to their employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing the weekly payroll, and supervising employees day-to-day.

2

6.      The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

7.      Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including food and drinks. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

8.      Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing servers, hostesses, bussers, cooks, and dishwashers in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

For example: During the time period from at least September 8, 2014 through at least September 3, 2017, Defendants paid non-exempt employees at all three restaurants a bi-weekly salary for all hours worked. This salary, when divided by the hours worked, resulted in the many employees receiving less than the statutory minimum wage.

11.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of

3

goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without

compensating said employees for employment in excess of the prescribed hours at rates not less

than one and one-half times their regular rates. Therefore, Defendants are liable for the payment

of unpaid overtime compensation and an equal amount of liquidated damages under Section

16(c) of the Act.

For example: During the time period from at least September 8, 2014 through at least

September 3, 2017, Defendants paid non-exempt employees at all three restaurants a bi-weekly

salary for all hours worked. Employees regularly worked 48 to 66 hours per week, for which

they did not receive overtime premium pay, resulting in overtime violations.

12.     Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in

that Defendants failed to make, keep, and preserve adequate and accurate records of their

employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R.

Part 516. Specifically, Defendants did not keep records of the daily or weekly hours worked by

their employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against

Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining

and restraining Defendants, their officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice of any such judgment,

from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for

unpaid minimum wage and overtime compensation due to certain of Defendants' current and

former employees listed in the attached Schedule A for the period of September 8, 2014 through

4

September 3, 2017, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after September 3, 2017, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint; or

   (3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

  FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam Welsh
AW1272
PA ID No. 84988

5

Andrea Luby
PA ID# 321609
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5128 (Phone)
(215) 861-5162 (Fax)
Luby.andrea@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

6

# SCHEDULE A

**Rez Azteca of Warminster, Inc., d/b/a Rey Azteca: Case ID No. 1832161**

|  | Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| 1 | Victoria Martinez | $7,123.00 | $7,123.00 |
| 2 | Edgar Rubio Gonzalez | $17,095.00 | $17,095.00 |
| 3 | Eleonai O Munoz | $15,716.02 | $15,716.02 |
| 4 | Jonathan Martinez | $1,386.00 | $1,386.00 |
| 5 | Juan Carlos Olguin | $16,029.05 | $16,029.05 |
| 6 | Janete Sosa | $13,680.00 | $13,680.00 |
| 7 | Eliel Martinez-Ruperto | $2,464.00 | $2,464.00 |
| 8 | Daniel Martinez Avila | $8,624.00 | $8,624.00 |
| 9 | Valentino Olguin-Garay | $1,121.08 | $1,121.08 |
| 10 | Byron Vinicio Gonzalez Merida | $12,319.80 | $12,319.80 |
| 11 | Vicente Ramirez Reymundo | $622.00 | $622.00 |
| 12 | Mario Tiul-Chun | $2,304.00 | $2,304.00 |
| 13 | Karen Lisseth Arriaza Espana | $470.00 | $470.00 |
|  |  | **$98,953.95** | **$98,953.95** |

## Schedule A

**Los Hidalguenses, Inc. d/b/a La Hacienda, Case ID No. 1832163**

| | Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| 1 | Pedro Cesar A Aguilar | $16,266.67 | $16,266.67 |
| 2 | Giovanny Perez Martinez | $747.50 | $747.50 |
| 3 | Edgar Rubio Gonzalez | $2,295.00 | $2,295.00 |
| 4 | Jonathan Martinez | $633.33 | $633.33 |
| 5 | Romel Sanchez-Trejo | $450.00 | $450.00 |
| 6 | David Palacios Guerrero | $413.32 | $413.32 |
| 7 | Francisco Rangel Ponce | $15,810.00 | $15,810.00 |
| 8 | Jorge Ponce-Martinez | $8,595.00 | $8,595.00 |
| 9 | Juan Resendiz Martinez | $7,380.00 | $7,380.00 |
| 10 | Jacquelin Mella Guzman | $2,424.00 | $2,424.00 |
| 11 | Valentino Olguin-Garay | $22,489.38 | $22,489.38 |
| 12 | Laurentino Hernandez Trejo | $4,125.00 | $4,125.00 |
| 13 | Ivan Perez Martinez | $20,275.00 | $20,275.00 |
| 14 | Bryan Armas | $8,270.00 | $8,270.00 |
| 15 | Roberto Chun Xo | $3,666.67 | $3,666.67 |
| 16 | Gamaliel Olguin Munoz | $1,386.00 | $1,386.00 |
| 17 | Heidy R Salguero Barrera | $14,519.46 | $14,519.46 |
| 18 | Pedro Rubio Reyes | $1,092.00 | $1,092.00 |
| 19 | Carlos Gonzalez Hernandez | $3,105.00 | $3,105.00 |
| | | **$133,943.32** | **$133,943.32** |

## Schedule A

### El Guerrero, Inc., d/b/a Cancun Summary Page, Case ID No. 1820606

|  | Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| 1 | Manolo Velazquez Rangel | $791.00 | $791.00 |
| 2 | Lesly J Ramirez | $1,212.00 | $1,212.00 |
| 3 | Abigail A Alvarado | $5,000.42 | $5,000.42 |
| 4 | Leonel Rubio Gonzalez | $6,150.00 | $6,150.00 |
| 5 | Cindy V Olguin | $8,173.50 | $8,173.50 |
| 6 | Romel Sanchez-Trejo | $14,747.50 | $14,747.50 |
| 7 | David Palacios | $619.98 | $619.98 |
| 8 | Martha A Galvan | $8,631.00 | $8,631.00 |
| 9 | Gerardo Reyes Cruz | $787.50 | $787.50 |
| 10 | Jorje Ponce-Martinez | $1,600.00 | $1,600.00 |
| 11 | Eliel Martinez-Ruperto | $3,602.08 | $3,602.08 |
| 12 | Eliasib Martinez Ruperto | $4,706.92 | $4,706.92 |
| 13 | Samuel Vargas Tamayo | $656.14 | $656.14 |
| 14 | Rutilio Gonzalez Cruz | $3,682.25 | $3,682.25 |
| 15 | Miguel A Martinez-Perez | $19,264.17 | $19,264.17 |
| 16 | Alexis A Alvarado | $1,291.67 | $1,291.67 |
| 17 | Aurelio Sanchez-Juarez | $6,293.75 | $6,293.75 |
| 18 | Alan Covarrubias Rubio | $3,283.33 | $3,283.33 |
| 19 | Moises Medina Bautista | $16,501.64 | $16,501.64 |
| 20 | Moises Tavera Perez | $666.67 | $666.67 |
|  |  | $107,661.50 | $107,661.50 |