# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>EL GUERRERO, INC., d/b/a/ Cancun Mexican Restaurant,<br>LOS HIDALGUENSES, INC., d/b/a La Hacienda Restaurant,<br>REY AZTECA OF WARMINSTER, INC., d/b/a Rey Azteca<br>Restaurant, RAMIRO PALACIOS, individually, and<br>RAMIRO PALACIOS-OLGUIN, individually,<br>Defendants. | Civil Action No.<br>18-cv-77 (JHS) |

FILED

JAN 10 2018

## CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred to as "Defendants" or "Employers," have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defense which they may have and hereby agree to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at Cancun Mexican Restaurant, La Hacienda Restaurant, Rey Azteca Restaurant, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Cancun Mexican Restaurant, La Hacienda Restaurant, Rey Azteca Restaurant, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4. Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

    i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

    ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

    iii. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5. Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $340,558.77, and are jointly and severally liable for the payment of $340,558.77 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

6. Regarding the matter of the civil money penalty, Defendants have agreed that the amount currently due and payable is $19,448.00, that they are jointly and severally liable for this amount, that such assessment has become the final order of the Secretary of the Department of Labor, and that they waive any and all rights to appeal or contest such assessment. As such,

any legal right of any individual named in Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

8. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

9. Further, the parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after September 3, 2017, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

10. Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

11.. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

*Joel Slomsky*
Joel H. Slomsky
UNITED STATES DISTRICT JUDGE

Dated: JANUARY 10, 2018

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For the Employers:

*Ramiro Palacios* (signature)

Ramiro Palacios
Individually, and as owner of
El Guerrero, Inc., Los Hidalguenses, Inc., and
Rey Azteca of Warminster, Inc.

(signature)

Ramiro Palacios-Olguin
Individually, and as owner of
El Guerrero, Inc., Los Hidalguenses, Inc., and
Rey Azteca of Warminster, Inc.

(signature)

Joshua S. Ganz
DUFFY NORTH
104 North York Road
Hatboro, PA 19040
215-675-7300
jganz@duffynorth.com

Attorney for all Defendants

For the Secretary:

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

s/ Adam Welsh

Adam Welsh
Wage and Hour Counsel

Andrea Luby, Trial Attorney
PA ID # 321609

U.S. Department of Labor Office of the Solicitor, Region III Suite 630E, The Curtis Center 170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5128
215-861-5162 (fax)
Luby.andrea@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor

8

9

## SCHEDULE A

## Rey Azteca of Warminster, Inc., d/b/a Rey Azteca: Case ID No. 1832161

|    | Name | Back Wages | Liquidated Damages |
|----|------|-----------:|-------------------:|
| 1  | Victoria Martinez | $7,123.00 | $7,123.00 |
| 2  | Edgar Rubio Gonzalez | $17,095.00 | $17,095.00 |
| 3  | Eleonai O Munoz | $15,716.02 | $15,716.02 |
| 4  | Jonathan Martinez | $1,386.00 | $1,386.00 |
| 5  | Juan Carlos Olguin | $16,029.05 | $16,029.05 |
| 6  | Janete Sosa | $13,680.00 | $13,680.00 |
| 7  | Eliel Martinez-Ruperto | $2,464.00 | $2,464.00 |
| 8  | Daniel Martinez Avila | $8,624.00 | $8,624.00 |
| 9  | Valentino Olguin-Garay | $1,121.08 | $1,121.08 |
| 10 | Byron Vinicio Gonzalez Merida | $12,319.80 | $12,319.80 |
| 11 | Vicente Ramirez Reymundo | $622.00 | $622.00 |
| 12 | Mario Tiul-Chun | $2,304.00 | $2,304.00 |
| 13 | Karen Lisseth Arriaza Espana | $470.00 | $470.00 |
|    | | **$98,953.95** | **$98,953.95** |

Exhibit A-0

**Schedule A**

## Los Hidalguenses, Inc. d/b/a La Hacienda, Case ID No. 1832163

|    | Name | Back Wages | Liquidated Damages |
|----|------|-----------:|-------------------:|
| 1  | Pedro Cesar A Aguilar | $16,266.67 | $16,266.67 |
| 2  | Giovanny Perez Martinez | $747.50 | $747.50 |
| 3  | Edgar Rubio Gonzalez | $2,295.00 | $2,295.00 |
| 4  | Jonathan Martinez | $633.33 | $633.33 |
| 5  | Romel Sanchez-Trejo | $450.00 | $450.00 |
| 6  | David Palacios Guerrero | $413.32 | $413.32 |
| 7  | Francisco Rangel Ponce | $15,810.00 | $15,810.00 |
| 8  | Jorge Ponce-Martinez | $8,595.00 | $8,595.00 |
| 9  | Juan Resendiz Martinez | $7,380.00 | $7,380.00 |
| 10 | Jacquelin Mella Guzman | $2,424.00 | $2,424.00 |
| 11 | Valentino Olguin-Garay | $22,489.38 | $22,489.38 |
| 12 | Laurentino Hernandez Trejo | $4,125.00 | $4,125.00 |
| 13 | Ivan Perez Martinez | $20,275.00 | $20,275.00 |
| 14 | Bryan Armas | $8,270.00 | $8,270.00 |
| 15 | Roberto Chun Xo | $3,666.67 | $3,666.67 |
| 16 | Gamaliel Olguin Munoz | $1,386.00 | $1,386.00 |
| 17 | Heidy R Salguero Barrera | $14,519.46 | $14,519.46 |
| 18 | Pedro Rubio Reyes | $1,092.00 | $1,092.00 |
| 19 | Carlos Gonzalez Hernandez | $3,105.00 | $3,105.00 |
|    |      | **$133,943.32** | **$133,943.32** |

Exhibit A-0

**Schedule A**

# El Guerrero, Inc., d/b/a Cancun Summary Page, Case ID No. 1820606

|  | Name | Back Wages | Liquidated Damages |
|---|---|---|---|
| 1 | Manolo Velazquez Rangel | $791.00 | $791.00 |
| 2 | Lesly J Ramirez | $1,212.00 | $1,212.00 |
| 3 | Abigail A Alvarado | $5,000.42 | $5,000.42 |
| 4 | Leonel Rubio Gonzalez | $6,150.00 | $6,150.00 |
| 5 | Cindy V Olguin | $8,173.50 | $8,173.50 |
| 6 | Romel Sanchez-Trejo | $14,747.50 | $14,747.50 |
| 7 | David Palacios | $619.98 | $619.98 |
| 8 | Martha A Galvan | $8,631.00 | $8,631.00 |
| 9 | Gerardo Reyes Cruz | $787.50 | $787.50 |
| 10 | Jorje Ponce-Martinez | $1,600.00 | $1,600.00 |
| 11 | Eliel Martinez-Ruperto | $3,602.08 | $3,602.08 |
| 12 | Eliasib Martinez Ruperto | $4,706.92 | $4,706.92 |
| 13 | Samuel Vargas Tamayo | $656.14 | $656.14 |
| 14 | Rutilio Gonzalez Cruz | $3,682.25 | $3,682.25 |
| 15 | Miguel A Martinez-Perez | $19,264.17 | $19,264.17 |
| 16 | Alexis A Alvarado | $1,291.67 | $1,291.67 |
| 17 | Aurelio Sanchez-Juarez | $6,293.75 | $6,293.75 |
| 18 | Alan Covarrubias Rubio | $3,283.33 | $3,283.33 |
| 19 | Moises Medina Bautista | $16,501.64 | $16,501.64 |
| 20 | Moises Tavera Perez | $666.67 | $666.67 |
|  |  | **$107,661.50** | **$107,661.50** |

Exhibit A-0